## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

| | |
|---|---|
| **KENNETH STANLEY,** *individually and on behalf of all others similarly situated*, | **Case No.: 2:23-cv-01131** |
| Plaintiff, | |
| v. | |
| **ZEROED-IN TECHNOLOGIES, LLC and DOLLAR TREE, INC.,** | |
| Defendants. | |

### PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE ACTIONS, APPOINT LEADERSHIP, AND SET SCHEDULE

Plaintiff in the above-captioned action, with the consent of Plaintiffs in the Related Actions set forth in *Exhibit A*, respectfully requests that the Court: (1) pursuant to Fed. R. Civ. P. 42(a), consolidate the Related Actions as well as any other future actions filed or transferred related actions against Defendant Zeroed-In Technologies, LLC ("Zeroed-In"), Dollar Tree, Inc. ("Dollar Tree"), or Family Dollar LLC ("Family Dollar") in connection with Zeroed-In's data breach discovered on or about August 8, 2023, under the new case style: "*In re Zeroed-In Technologies, LLC Data Breach Litigation*"; (2) appoint Jeff Ostrow of Kopelowitz Ostrow P.A. as Executive Lead Counsel and Tyler J. Bean of Siri & Glimstad LLP; Maureen M. Brady of McShane & Brady, LLC; William B. Federman of Federman & Sherwood; Andrew W. Ferich of Ahdoot & Wolfson, PC; Gary F. Lynch of Lynch Carpenter, LLP; Jean Martin of Morgan & Morgan Complex Litigation Group; and Jennifer S. Czeisler of Sterlington PLLC as members of the Plaintiffs' Executive Committee (collectively, "Proposed Interim Class Counsel"); (3) stay the Related

Actions, including any of the Defendants' responsive pleading deadlines, and require the filing of

a Consolidated Class Action Complaint within 30 days of entry of an order consolidating the cases

and appointing leadership; and (4) set the deadline for Defendants' response(s) to the Consolidated

Class Action Complaint as 60 days after the Consolidated Class Action Complaint is filed, and in

the event that Defendants' response(s) are a motion to dismiss, set the deadline of 30 days

thereafter for Plaintiffs' response(s) thereto, followed by 30 days thereafter for Defendants'

reply(ies).[1]

## I.       <u>INTRODUCTION</u>

Plaintiff Stanley filed his Class Action Complaint (Case No. 2:23-cv-01131, ECF No. 1)

("Complaint") on December 4, 2023, seeking to hold Zeroed-In and Dollar Tree liable for their

alleged disclosure of personally identifiable information ("PII") belonging to Plaintiffs and almost

2 million other individuals affected by a data breach announced by Zeroed-In on November 27,

2023 ("Data Breach"). There are now 9 other class action lawsuits filed against Zeroed-In in this

Court ("Related Actions"). A list of the Related Actions is attached to the Motion as *Exhibit A*.

Each lawsuit arises out of the same Data Breach and operative facts and asserts substantially

identical claims on behalf of overlapping putative classes, thus making consolidation into the case

with the lowest case number appropriate.

Moreover, after a period of meeting and conferring among Plaintiffs' counsel who have

filed the Related Actions, Plaintiffs' counsel are pleased to report that they have reached an

---

[1] Defendants take no position on this Motion, however, in doing so they do not agree with the allegations or characterization of Plaintiff's claims set forth in this motion, nor do they concede that this Court has jurisdiction over any or all of the claims and parties in this matter or that this matter may proceed as a purported class action.  The Defendants reserve their rights to assert those and other challenges in response to the proposed consolidated amended complaint or at such other time as directed by the Court. The Defendants further take no position as to the proposed leadership by Plaintiff's counsel.

agreement on a proposed leadership structure. Rather than a complex, multi-tiered leadership structure, Plaintiffs' counsel have agreed to a flat Plaintiffs' Executive Committee, with one Executive Lead Counsel to facilitate the group. Proposed Interim Class Counsel's qualifications are described herein.

## II.    COMPLAINT ALLEGATIONS AND PROCEDURAL BACKGROUND

### A.    The Data Breach

Zeroed-In provides a cloud-based human resources analytics platform for businesses, among them Dollar Tree. Plaintiff in this action alleged that Zeroed-In collected and inadequately maintained his and the putative class members' PII. Plaintiff alleged he is a former employee of Dollar Tree and entrusted Dollar Tree with his PII prior to the Data Breach. In its Notice Letter dated November 27, 2023 ("Notice Letter"), Zeroed-In advised Plaintiff that  his PII was potentially compromised in the Data Breach, including his name, date of birth, and/or Social Security number. In addition, Zeroed-In stated that it first detected suspicious activity on its computer systems on or around August 8, 2023, four months before the Notice Letter was sent..

### B.    Procedural History and Related Actions

Nine other similar actions were filed in this District.[2]. Each one focuses on the same factual premise—the Data Breach—and asserts substantially identical (if not identical) claims on behalf of the same or overlapping putative classes, as set forth below. Any other case arising out of the Data Breach is also a Related Action.

1.    On December 4, 2023, Plaintiff Kenneth Stanley filed the instant class action lawsuit against Zeroed-In and Dollar Tree in the Middle District of Florida (Case No. 2:23-cv-01131). Plaintiff asserted claims for (i) negligence; (ii) breach of implied contract; and (iii) unjust

---

[2] Actions pending in other districts are not part of this Motion, because they are not ripe for consolidation under Fed. R. Civ. P. 42(a).

enrichment.

2. On December 4, 2023, Nicholas Pierce and Misty Hunter filed a class action lawsuit against Zeroed-In in the Middle District of Florida (Case No. 2:23-cv-01132). Plaintiffs asserted claims for (i) negligence; (ii) negligence *per se*; (iii) breach of third-party beneficiary contract; (iv) breach of implied contract; (v) unjust enrichment; and (vi) declaratory judgment.

3. On December 5, 2023, Brittany Mintz filed a class action lawsuit against Zeroed-In in the Middle District of Florida (Case No. 2:23-cv-01137). Plaintiff asserted claims for (i) negligence; (ii) breach of implied contract; (iii) unjust enrichment; and (iv) declaratory judgment.

4. On December 6, 2023, Jacqueline Biles filed a class action lawsuit against Zeroed-In and Dollar Tree in the Middle District of Florida (Case No. 2:23-cv-01139). Plaintiff asserted claims for (i) negligence; (ii) negligence per se; (iii) breach of fiduciary duty; (iv) unjust enrichment; (v) breach of implied contract; (vi) declaratory and injunctive relief; and (vii) violations of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*. On December 18, 2023, Biles filed a First Amended Class Action Complaint. *See* ECF No. 16.

5. On December 7, 2023, Phillis Pounds filed a class action lawsuit against Zeroed-In and Dollar Tree in the Middle District of Florida (Case No. 2:23-cv-01151). Plaintiff asserted claims for (i) negligence; (ii) unjust enrichment; (iii) breach of fiduciary duty; and (iv) declaratory judgment.

6. On December 8, 2023, Melody T. Brantley filed a class action lawsuit against Zeroed-In and Dollar Tree in the Middle District of Florida (Case No. 2:23-cv-01161). Plaintiff asserted claims for (i) negligence; (ii) negligence per se; (iii) breach of fiduciary duty; (iv) unjust enrichment; (v) breach of implied contract; (vi) declaratory and injunctive relief; and (vii) violations of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*.

On December 22, 2023, Brantley filed an Amended Class Action Complaint. *See* ECF No. 10.

7.      On December 11, 2023, Ashley L. Jacobson filed a class action lawsuit against Zeroed-In and Dollar Tree in the Middle District of Florida (Case No. 2:23-cv-01164). Plaintiff asserted claims for (i) negligence; (ii) breach of implied contract; and (iii) unjust enrichment. On December 15, 2023, Jacobson filed an Amended Class Action Complaint. *See* ECF No. 8.

8.      On December 22, 2023, Dominick Garland filed a class action lawsuit against Zeroed-In and Dollar Tree in the Middle District of Florida (Case No. 2:23-cv-01208). Plaintiff asserted claims for (i) negligence; (ii) breach of implied contract; (iii) breach of confidence; (iv) breach of contract including the implied covenant of good faith and fair dealing; (v) invasion of privacy; (vi) breach of fiduciary duty; (vii) breach of covenant of good faith and fair dealing; and (viii) declaratory and injunctive relief.

9.      On December 26, 2023, Thomas Neeley filed a class action lawsuit against Zeroed-In in the Middle District of Florida (Case No. 2:23-cv-01219). Plaintiff asserted claims for (i) negligence; (ii) negligence per se; and (iii) declaratory judgment.

10.      On January 4, 2023, Barry Jeffries filed a class action lawsuit against Zeroed-In in the Middle District of Florida (Case No. 2:24-cv-00013). Plaintiff asserted claims for (i) negligence; (ii) negligence per se; and (iii) declaratory judgment.

**C.      Consolidation of the Actions and Appointment of Leadership**

The Related Actions before this Court are substantially the same; thus, consolidation is appropriate. Each lawsuit arises from the same common set of alleged operative facts: the Data Breach. Due to each plaintiffs' reliance on the same set of alleged operative facts, all plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding,

which will preserve party and Court resources. Accordingly, and to move this consolidated action forward efficiently and effectively, Plaintiffs now seek the Court's approval of Plaintiffs' proposed leadership structure.

## III.   <u>ARGUMENT</u>

### A.   **The Related Actions Should Be Consolidated.**

Federal Rule of Civil Procedure 42(a) reads:

> If actions before the court involve a common question of law **or** fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

(emphasis added); *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-CV-2186-T-17MAP, 2017 WL 10295953, at *1 (M.D. Fla. Dec. 28, 2017). To that end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) (Steele, J.) ("The Undersigned has reviewed the parties' pleadings in the . . . above-captioned cases . . . it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident).

The Eleventh Circuit laid out the factors a trial court must consider in weighing whether to consolidate: "(1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *see also McDonald v. PaperlessPay Corp.*, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (citing *Hendrix*, 776 F.2d at 1495).

All the factors are met here. First, the complaints here all relate to common factual allegations and legal theories. Even a cursory review shows that each Related Action alleges virtually identical facts and legal questions, all arising from one factual event—the Data Breach—which plaintiffs in each action allege was a result of Defendants' failure to protect Plaintiff's and the putative class members' PII. Additionally, the legal claims asserted by each plaintiff are substantially similar, all including a negligence claim, and some of the cases share other substantive claims including breach of implied contract, unjust enrichment, and a claim for declaratory and injunctive relief. Additionally, each lawsuit seeks certification of similar classes. Absent consolidation, it is possible multiple overlapping classes could be certified. Therefore, the first factor is met: the potential risk of prejudice and possible confusion is far outweighed by the risk of inconsistent adjudications.

The second factor is also met here: the burden on the parties, witnesses, and judicial resources will be substantially lightened by consolidation. All the cases before this Court have the same procedural posture. Each has a complaint with no responsive pleading. Therefore, consolidation will not delay any of the proceedings. Moreover, no plaintiff opposes consolidation, which will allow plaintiffs to jointly prosecute the case, share discovery, and avoid the possibility of the Court certifying overlapping classes. Lastly, judicial resources will be conserved by presiding over one consolidated case rather than numerous separate cases because this will reduce the number of motions, briefings, hearings, and trials before the Court.

The third factor is certainly met here: litigating numerous separate causes of action instead of one consolidated action would take substantially more time for the Court and the Parties. Therefore, "the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation." *Kaplan*,

20156 WL 9383330, at *2.

Finally, the fourth factor—relative expense to all parties concerned—militates in favor of consolidation, because discovery costs are likely to be dramatically lessened by litigating in one consolidated case rather than ten (and counting) separate cases. Therefore, the Court should consolidate these (and all future) related cases.

### B.       Proposed Interim Class Counsel Meet the Requirements of Rule 23(g).

Federal Rule of Civil Procedure 23(g)(3) provides that this Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." To be sure, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities." MANUAL FOR COMPLEX LITIG. (Fourth), § 21.11. Although Rule 23(g)(3) is silent as to the standards for appointing interim counsel, courts generally look to the same factors in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). "In selecting lead counsel, the Court is required to appoint counsel who will 'fairly and adequately represent the interests of the class.'" *Miller v. Beazer Homes USA, Inc.*, No. 07 Civ. 1098 (RWS), 2007 WL 3005332, at *1 (N.D. Ga. Oct. 11, 2007) (*citing* Fed. R. Civ. P. 23(g)(1)(B)).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider the following factors:

> (i)      the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)    counsel's knowledge of the applicable law; and
>
> (iv)     the resources that counsel will commit to representing the

class.

In addition to these factors, the Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

> **1. Proposed Interim Class Counsel Have Thoroughly Identified and Investigated the Claims.**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Proposed Interim Class Counsel's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed class. Proposed Interim Class Counsel have diligently investigated and advanced this litigation, including through analyzing the circumstances surrounding the Data Breach, interviewing several dozen consumers injured by the Data Breach, researching legal claims, drafting initial pleadings, and organizing Plaintiffs and counsel to move the litigation forward.

Proposed Interim Class Counsel worked to quickly organize and avoid any delay caused by a leadership dispute to address the merits of the case as expeditiously as possible. Proposed Interim Class Counsel's efforts at self-organization were successful, as evidenced by this Motion.

Proposed Interim Class Counsel operate as a cohesive, well-organized group. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes

advantage of each firm's strengths while eliminating duplication. In the future, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred. Accordingly, the substantial work, cooperation, and investigation weigh in favor of appointing the Proposed Interim Lead Counsel under Fed. R. Civ. P. 23(g)(3).

### 2. Proposed Interim Class Counsel Are Experienced in Handling Class Actions and Other Complex Litigation.

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Here, Proposed Interim Class Counsel have substantial experience handling class actions involving data breach and data privacy cases, and have been appointed to leadership positions in several high-profile Data Breach cases. As demonstrated below, Proposed Class Counsel are uniquely qualified to lead this litigation.

#### a. <u>Jeff Ostrow</u>

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. and has been practicing law for 26 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintain a full caseload of nationwide class actions. Although Mr. Ostrow currently only represent class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is currently counsel of record in approximately 75 pending data breach cases. Three notable cases in which he is part of the leadership structure, all among the largest of 2023, include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight

million individuals, where he is Co-Lead Counsel for Plaintiffs; *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (SD. Fla.), affecting over 3 million individuals, where he is Plaintiffs' Liaison Counsel; and *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.), affecting 11 million people, where he is on the Plaintiffs' Executive Committee.

For the past 13 years, Mr. Ostrow's firm has served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, Kopelowitz Ostrow P.A. is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) helping our clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, U.S. District Judge James Lorenz made the following observation when granting final approval of our settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead

counsel, U.S. District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, U.S. District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), Dkt. 84 at 14.

Mr. Ostrow has worked cohesively with Proposed Interim Class Counsel in other cases, and is honored to support their application in this case. He is confident that the proposed leadership structure will result in an excellent recovery for our mutual clients.

### b. <u>Tyler J. Bean</u>

Tyler J. Bean is an attorney at Siri & Glimstad LLP ("S&G"), a national class action firm that has served as class counsel in a broad spectrum of class action and civil rights cases nationwide and recovered compensation for millions of individuals. Mr. Bean's practice concentrates on complex civil litigation and consumer class actions, with a particular emphasis on data breach and privacy litigation. He has years of experience as a data breach and privacy lawyer, having played a significant role in successfully litigating dozens of data breach and privacy class actions from inception through discovery and leading to court approved settlement.

As a leading member of S&G's data breach and privacy team, Mr. Bean now oversees the Firm's data breach and privacy matters, including cases in which S&G has been appointed to leadership positions. These include *Pulliam et al. v. West Technology Group*, Case No. 8:23-cv-

159 (D. Neb.), *Perez v. Carvin Wilson Software LLC*, Case No. cv-23-00792 (D. Ariz.), *Nulf v. Alvaria, Inc., et al.*, Case No. 1:23-cv-10999 (D. Mass.), *Rasmussen et al. v. Uintah Basin Healthcare*, Case No. 2:23-cv-00322 (D. Ut.), *Skurauskis, et al. v. NationsBenefits Holdings, LLC, et al.*, Case No. 0:23-cv-60830 (S.D. Fl.), *In re Family Vision Data Security Incident Litigation*, Case No. 2023CP0401671 (S.C., County of Anderson), *In re Data Security Litigation Against Brightline, Inc.*, Case No. 3:23-cv-02132, *In re DISH Network Data Security Incident Litigation*, Case No. 1:23-cv-01168 (D. Colo.), *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100 (D. Mass.), and *Scott et al v. Union Bank and Trust Company*, Case No. 4:23-cv-03126 (D. Neb.) (the court commenting that "proposed interim co-lead counsel are experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate these cases").

Mr. Bean was also most recently appointed as interim co-lead counsel in *In re Clearwater Credit Union Data Security Incident Litigation*, Case No. DV-32-2023-0000761 (Mont. 4th Judicial Dist., Missoula Cty.) and *In re: Vivendi Ticketing US LLC, d/b/a See Tickets Data Security Incident*, Case No. 2:23-cv-07498 (C.D. Cal.), as well as to the plaintiffs' executive committee in *Cain et al v. CGM, L.L.C. et al*, Case No. 1:23-cv-02604 (N.D. Ga.) and *Krenk et al. v. Murfreesboro Medical Clinic, P.A. d/b/a Murfreesboro Medical Clinic & Surgicenter*, Case No. 2023-cv-81005 (Tenn. 16th Judicial Cir. Court, Rutherford Cty.).

### c.  Maureen M. Brady

Maureen Brady has been representing victims of wrongful medical records disclosure for almost a decade. Intimately familiar with the marriage of the Federal and State privacy laws and the state common law causes of action, Maureen has served as in leadership teams for various

MDL and national class actions and successfully litigated class medical records disclosures for hundreds of millions of victims Licensed in Missouri and Kansas, Ms. Brady has litigated numerous data breach privacy cases throughout the United States. *See, e.g., In Re Mednax Services, inc., Customer Data Security Breach Litigation*, case no. 21-MD-02994-RAR (S.D. Fla.) (co-lead counsel); *In Re BetterHelp, Inc. Data Disclosure Cases*, case no 3:23-cv-01033-RS (N.D. Cal.) (co-lead counsel); *In Re: T-Mobile Customer Data Security Breach Litigation*, case no. 4:21-MD-03019-BCW (W.D. Mo.) (Executive Committee member). Maureen has led the litigation team on precedential cases including without limitation: *M.S. and D.H. v. MedData, Inc.*, case no 4:22-cv-00187, (S.D. Tex.); *Cox v. Valley Hope Association*, case no. 1716-CV03081 (Cir. Ct. Jackson Ct. Mo.); *T.P.H. v. Blue Springs Family Care*, Case No. 1916-CV07105 (Cir. Ct. Jackson Ct. Mo.); and *K.A. v. Children's Mercy Hospital*, Case No. 18-00675-CV-W-OS (W.D. Mo.). The aforementioned cases possess very similar issues as those presented in the instant case, and those actions survived numerous motions to dismiss on the arguments likely to be presented in this case.

Maureen has unique knowledge and experience in medical disclosure cases and data breaches. She is a nationally recognized leader in the area of HIPAA law and medical disclosures. She was been awarded the Missouri Bar Innovation Award for her development of the use of HIPAA in medical disclosure cases. The Sedona Conference, a leading organization for the research and development of legal thought and recommendations, recently asked Maureen to speak at its annual meeting on healthcare privacy issues.

Maureen Brady is not only one of the preeminent attorneys in the nation to litigate data breaches, she has also distinguished herself as a leader within the legal field. She serves on numerous Boards and holds leadership positions in Missouri Association of Trial attorneys and the Association for Women Lawyers of Greater Kansas City. Maureen has written numerous

articles about this area of the law and has given scores of lectures to legal and civic groups throughout Missouri and Kansas.

Along with the accolades above, Ms. Brady's firm McShane & Brady has obtained significant settlements and trial victories in a wide range of cases, including some of the largest data breaches in the nation. As a member of the Executive Committee for the 2022 T-Mobile Litigation, settlement was negotiated awarding the money and benefits to the Class Members of approximately $500 million. The data breach Class cases have resulted in similar significant monetary benefits to the Class Members.

In addition to the class cases litigated by McShane & Brady, the firm also handles individual healthcare disclosure cases. The firm has obtained numerous victories for its clients who have suffered an individual wrongful disclosure of medical information. Particularly in the area of what is deemed "ultra-sensitive" information which falls under 42 C.F.R. § 2.

Ms. Brady is not only a well-qualified attorney in privacy law but is one of the few female attorneys who practices in the specific field and owns her own law firm. She is dedicated to opening doors for others in the field as well. She has written articles and given numerous lectures about privacy law and has encouraged other attorneys to get involved in the area. Additionally, Ms. Brady is dedicated to drawing from a diverse range of voices. McShane & Brady enjoys outstanding working relationships with a number of firms and lawyers throughout the country. Ms. Brady has worked cooperatively with most of the other Proposed Interim Class Counsel on a number of cases and recognizes the need for inclusivity of the lawyers in working with a large case, such as this one.

### d.  **William B. Federman**

Mr. Federman has extensive experience leading and litigating complex cases, particularly

data privacy matters against large corporate defendants such as Brinker International, Inc., Solara Medical Supplies, LLC, MedData, Mednax Services, Inc., and Smile Brands, among others. Federman & Sherwood is one of the leading boutique AV rated plaintiff complex litigation law firms in the country. Numerous courts have favorably commented on Federman & Sherwood's and Mr. Federman's abilities in prosecuting complex cases. For instance, he served as co-lead and liaison counsel in *Mobbs, et al. v. Farmers Insurance Co., Inc.*, USDC Western District of Oklahoma (Case No. CV-03-158) (Friot, J.). The Court in that case, in approving a proposed settlement, stated:

> Finally, let me applaud the efforts of counsel to get it litigated—to get it not only litigated but mediated and resolved subject to court approval. It did take a fair amount of work, not only to litigate the matter and do the discovery, do the briefing, and the argument and case management that had to be done, but it took a fair amount of good professional judgment to also get it settled.
>
> And up until I approved the settlement a few minutes ago, it was a case that presented, in my view, very substantial risk for both sides, and I certainly do applaud the efforts of settlement—the efforts of counsel in crafting the settlement that was reached. Which I, as I have said, am well satisfied is fair, just, and reasonable settlement for the unnamed class members as well as the representative plaintiffs.

Mr. Federman recently served (or is currently serving) in leadership positions in similar data breach cases, including: *Perez, et al. v. Carvin Wilson Software, LLC*, No. 2:23-cv-00792-PHX-SMM (Dist. Ariz.) (ECF No. 8) (interim co-lead class counsel); *Bingaman, et al. v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.) (interim lead counsel and liaison counsel) *Deevers v. Wing Financial Services LLC*, No. 22-CV-0550-CVE-JFJ (N.D. Okla. 2022) (interim co-lead class counsel); *Doughty v. Central Square Technologies, LLC, et al.,* No. CIV-20-500-G (W.D. Okla.) (settlement class counsel); *McPherson v. American Bank Systems, Inc.*, no. CIV-20-1307-G, 2021 WL 932042 (W.D. Okla. 2021) (interim liaison counsel); *Sanders, et*

*al., v. Ibex Global Solutions, Inc., et al.*, No. 1:22-cv-00591-TNM (D.D.C.) (co-lead counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead counsel); *Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR, ECF No. 43 (S.D. Fla. 2021) (interim co-lead counsel); *Kolstedt et al. v. TMX Finance Corporate Services, Inc.*, No. 4:23-cv-76 (S.D. Ga, Savannah Division) (interim plaintiffs' steering committee); *In re: Mednax Services, Inc., Customer Data Security Breach Litigation*, MDL No. 2994 (Co-Lead Counsel); *In re: Anthem, Inc., Customer Data Security Breach Litigation*, MDL No. 2617 (Participating Counsel); *In re: Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800 (Participating Counsel), *In re: Premera Blue Cross Customer Data Breach Litigation*, MDL No. 2633 (Participating Counsel), *In re Accreditation Commission for Education in Nursing Data Breach Litigation¸* No. 1:23-cv-03337-LMM (N.D. Ga) (Interim Lead Class Counsel), *In re Byran Cave Leighton Paisner, LLP Data Breach Litigation*, No. 1:23-cv-04249 (N.D. Ill) (Interim Lead Class Counsel); and *In re Orrick, Herrington, & Sutcliffe LLP*, No. 3:23-cv-04089-SI (N.D. Ca.) (Interim Lead Counsel).

Additionally, Federman & Sherwood has thwarted many motions to dismiss filed in data breach class actions with the same or similar allegations to those alleged herein. *See, e.g., Bowen v. Paxton Media Group, LLC*, No. 5:21-cv-00143-GNS, (W.D. Ky.) (Order dated Sept. 8, 2022) (Order grating in part and denying in part the defendant's motion to dismiss) (ECF No. 39); *In re: Solara Medical Supplies Data Breach Litigation,* Case No. 3:19-cv-00284-H-KSC (S.D. Cal.) (Order granting in part and denying in part the defendant's motion to dismiss) (ECF No. 42); *In re: Brinker Data Incident Litigation,* No. 3:18-cv-686-J-32MCR (M.D. Fla.) (Order dated July 27, 2020) (ECF No. 122); *Neville McFarlane, et al. v. Altice USA, Inc.*, No. 1:20-cv-01297-JMF (S.D.N.Y.) (Opinion and order dated Mar. 8, 2021) (ECF No. 58); *Mackey, et al. v. Belden, Inc.*,

No. 4:21-cv-00149-JAR (E.D. Mo.) (Order dated Aug. 3, 2021) (ECF No. 22); *Fischer v. CentralSquare Technologies, LLC*, No. 21-cv-60856-RAR (S.D. Fla) (Order granting in part and denying in part the defendant's motion to dismiss) (ECF No. 28); *Durgan, et al. v. U-Haul International Incorporated*, No. CV-22-01565-PHX-MTL (D. Az.) (ECF No. 31); *In re: Mednax Services, Inc., Customer Data Security Breach Litigation*, Case No. 21-MD-02994-RAR (S.D. Fl.) (ECF No. 104); and *Fischer v. CentralSquare Technologies, LLC*, No. 21-CV-60856-RAR (S.D. Fl.) (ECF No. 28).

In addition, Mr. Federman has been appointed and currently serves as a Special Master for the District Court of Oklahoma County (*Access Financial Group, Inc. v. McGuire, et al*., Case No. CJ-2020-2542) (Andrews, J.); was a member of the Arbitration Panel, New York Stock Exchange (1985 – 1995); is a member of the Oklahoma County Bar Association (Member, Committee on Professionalism, 1987-1990); the Oklahoma (Committee on Professional Ethics, 2019-present), Texas, and New York Bar Associations; the American Bar Association (Committee on Securities Litigation and Corporate Counsel); The District of Columbia Bar; the Securities Industry Association (Law and Compliance Division); American Inns of Court (Barrister, 1990-1993); Martindale-Hubble (peer review rating of AV Preeminent in both ethical standards and legal ability); and the Litigation Counsel of America (Trial Lawyer and Appellate Lawyer Honorary Society).

In summary, Federman & Sherwood has served in leadership positions ***in over sixty class actions*** (consumer and financial matters), working with a multitude of law firms across the country and is well-qualified to assist in this case, and has enjoyed great success in doing so.

### e.   Andrew W. Ferich

Andrew Ferich joined Ahdoot & Wolfson, PC ("AW") as partner in 2021 at the age of only

33. He has extensive experience serving in leadership and support roles in complex class actions, including in some of the largest and most high-profile data privacy and consumer class action cases. *See, e.g., In re Wawa, Inc. Data Sec. Litig.*, 2:19-cv-06019 (E.D. Pa.); *Cochran, et al. v. The Kroger Co., et al.*, No. 5:21-cv-01887-EJD (N.D. Cal.) (final approval of $5 million non-reversionary settlement with Kroger granted; Mr. Ferich appointed as co-lead counsel); *Smeltz, et al. v. Logan Health, et al.,* No. A-DV-22-0124 (Mont. 8th Judicial District Court) (medical data breach class action involving hundreds of thousands of Montanans; final approval of $4.3 million common fund settlement granted; Mr. Ferich appointed as co-lead counsel); *Leitermann, et al. v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.) (final approval of $3.75 million common fund settlement in medical privacy case; Mr. Ferich appointed co-lead counsel). Mr. Ferich is currently involved in dozens of data breach and privacy matters, in many of which he is appointed as lead counsel or to some other leadership role.

Mr. Ferich and the lawyers at AW are leading class action lawyers with expertise in data privacy litigation. AW is one of the most recognizable data privacy and consumer class action law firms in the United States. The firm has served in leadership roles in some of the largest privacy cases in the country. *See, e.g.*, *In re Zoom Video Communications, Inc. Privacy Litig.*, No. 5:20-cv-02155-LHK (N.D. Cal.) (AW appointed class counsel; $85 million common fund settlement granted final approval); *In re Experian Data Breach Litig.*, No. 8:15-cv-01592 (C.D. Cal.) (AW appointed co-lead counsel; $150 million settlement value, with a $22 million cash fund); *In re Premera Blue Cross Customer Data Security Breach Litig.*, No. 3:15-md-2633 (D. Or. Mar. 2, 2020), ECF No. 311 (AW was appointed to Plaintiffs' Steering Committee; $74 million settlement value with a $32 million cash fund)*; Rivera v. Google LLC*, No. 2019-CH-00990 (Ill Cir. Ct.) (AW appointed lead counsel; final approval of $100 million settlement arising from Google's alleged

violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*)); *In re Apple Data Privacy Litigation*, No. 5:22-cv-07069-EJD (N.D. Cal.) (AW is appointed to the Plaintiffs' Steering Committee).

Mr. Ferich is intimately familiar with the legal issues that will be at the center of this litigation, and he will harness his and his firm's experience in, and knowledge of, this area of law to zealously advocate on behalf of Plaintiffs and the putative class members.

### f.   Gary F. Lynch

Gary F. Lynch has been engaged in the practice of law for thirty-four years, with the majority of his career spent litigating class actions on behalf of plaintiffs. The primary substantive focus of Mr. Lynch's practice is data breach and privacy litigation. He has served in a lead counsel role in some of the largest and most well-known data breach cases. *See In re: Wawa, Inc. Data Security Litig.*, No. 2:19-cv-06019-GEKP (E.D. Pa.); *In re Equifax, Inc. Customer Data Security Breach Litig.*, MDL No. 2800 (N.D. Ga.); *First Choice Federal Credit Union v. The Wendy's Company et al.*, No. 2:16-cv-0506 (W.D. Pa.); and *In re: The Home Depot, Inc. Customer Data Security Breach Litig.*, MDL No. 2583 (N.D. Ga.). Mr. Lynch and his firm have generated seminal legal authority regarding data privacy issues, in both trial and appellate courts. For example, he and his firm forged the development of common law protections against the mishandling of digitally-stored information in the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018), in which the Court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attacks. *See id.* at 1047. More recently, Mr. Lynch and his firm are pioneering the civil enforcement of two-party consent wiretapping statutes as a means of protecting

the privacy of consumers who visit websites—only to have their interactions with the website surreptitiously recorded and shared with third parties. *See Popa v. Harriet Carter Gifts, Inc*., 45 F.4th 687 (3d Cir. 2022), *amended on rehearing*, 52 F.4th 121 (3d Cir. 2022) (Website owner and data collection company cannot avoid lability under two-party consent wiretapping statute for intercepting online shopper's data).

Mr. Lynch and his firm have been recognized for their success in data breach and privacy litigation, being selected by ALM as a finalist for 2022's Privacy/Data Breach firm of the year award and further being selected by Law360 as a 2023 "Pennsylvania Powerhouse." Mr. Lynch's breadth of data breach experience, current and prior leadership roles in consolidated and multi-district litigation, and proven ability to work collaboratively with co-counsel in significant class actions, make him qualified to serve on the Plaintiffs' Executive Committee in this case.

### g. __Jean Martin__

Jean Martin is one of the lead attorneys in the Class Action Department of Morgan & Morgan, devoting her practice to data privacy, consumer protection, and defective products class actions. Ms. Martin has been honored with the prestigious "AV" rating by Martindale-Hubbell. In 2016, Ms. Martin was selected by her peers as the foremost Litigation attorney in the State of North Carolina for *Business North Carolina Magazine's Legal Elite*, gaining membership in the *Legal Elite* Hall of Fame. In 2022, she was recognized by Law360 as an MVP in the area of cybersecurity and data privacy and she was named as one of National Law Journal's Class Action/ Mass Tort Litigation Trailblazers of 2023.

Ms. Martin was recently appointed as co-lead class counsel for *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.), involving a data breach affecting 11 million people. She also presently serves by appointment as interim co-lead counsel in, *Combs, et al. v.*

*Warner Music Group*, Case No. 1:20-cv-07473-PGG (S.D.N.Y.) and *Johnson, et al. v. Yuma Regional Medical Center*, 2:22-cv-01061-SMB (D. Ariz.). She also serves as a member of the Plaintiffs' Steering Committee for the cases proceeding against LabCorp, Inc. in *In re: American Medical Collection Agency Data Breach Litigation*, 19-md-2904 (D. N.J.) and a steering committee member *In re: Allergan Biocell Textured Breast Implant Products Liability Litigation*, No. 19-md-2921 (D. N.J).

In a case in which she serves as interim co-lead counsel with Mr. Federman, Ms. Martin argued the motion for class certification which resulted in the first order in the country granting Rule 23(b)(3) certification in a consumer payment card data breach, and argued the appeal of the decision. The Eleventh Circuit found standing for Ms. Martin's client and embraced the presented damages model, remanding the case for further predominance inquiry given the District Court's modification of the class definition. *In re Brinker Data Incident Litigation*, No. 3:18-cv-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021) *vacated in part sub nom. Green-Cooper v. Brinker International, Inc.*, 73 F.4th 883 (11 Cir. 2023).

Ms. Martin recently finished her service as co-lead class counsel in *In Re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791-CJC (C.D. Cal.), which resulted in a settlement valued in excess of $20 million for a class of approximately 230,000 patients. In the final approval order, the District Court judge highlighted the "excellent result… achieved for the class" especially after facing multiple motions to dismiss, including one dismissal of plaintiffs' complaint in its entirety. Additionally, in July 2023, Judge Ruiz granted final approval in *Desue, et al. v. 20/20 Eye Care Network, Inc. et al.*, 21-cv-61275 (S.D. Fla.), a case in which Ms. Martin served as Chair of the Plaintiffs' Executive Committee. That settlement on behalf of more than 4 million class members, including minors, drew the praise of Judge Ruiz for the excellent result

in the face of many difficulties, including the financial solvency of the defendant. Among other notable cases, Ms. Martin served as co-lead in *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.) which resulted in a $60 million common fund settlement for 15 million class members. The settlement she negotiated is novel and creative in that Morgan Stanley committed to pay for a third party to renew efforts to locate and recover additional IT devices at issue and the settlement secured financial account monitoring service for the entire class for 10 years. At the final approval hearing, the District Court judge remarked that plaintiffs were represented by "first-rate lawyers," noting that "on a per capita basis, the settlement award exceeds the value of prior class settlements in data and security breach cases."

### h.  Jennifer Czeisler

Jennifer Czeisler is a partner and Co-Head of Sterlington PLLC's Complex Litigation Practice and a member of its Cybersecurity and Data Privacy Team. Ms. Czeisler has been engaged in the practice of law for nearly twenty-five years, with the entirety of her career spent litigating class actions on behalf of plaintiffs.

Ms. Czeisler takes considerable pride in litigating collegially and building cohesive member teams capable of matching the resources and efforts of defendants to protect the rights of plaintiffs and the classes. Moreover, Ms. Czeisler and her respective firm, Sterlington PLLC, have the ability to expend both the time and resources necessary to ensure the vigorous prosecution of the claims asserted in these cases.

Ms. Czeisler currently represents consumer victims in a number of data privacy matters against large corporate defendants, including, *inter alia*: *Johnson v. El Centro Del Barrio*, No. 5:23-cv-01200-JKP-RBF (W. D. Tex. 2023); *Evangelist, et al. v. State of Oregon, et al.,* No. 6:23-cv-01532-MC (D. Or. 2023); *McDavitt v. Intellihartx,* No. 3:23-cv-01499-JGC (N.D. Ohio 2023); *In*

*re Onix Group, LLC Data Breach Litigation,* No. 2:23-cv-02288-KSM (E.D. Pa. 2023). Further, Ms. Czeisler has received Court appointments in a number of data privacy and other cases.

Ms. Czeisler has further litigated cases spanning a wide range of matters across numerous industries in state and federal courts. She has extensive experience litigating cases relating to consumer protection and consumer fraud, data privacy and cyber security including data breaches, ransomware attacks and unlawful collection and/or disclosure of personal information, and consumer protection and consumer services, with a focus on reverse redlining, discriminatory and predatory lending and illegal credit reporting practices.

Ms. Czeisler has represented and currently represents consumers who were discriminated against relating to or arising out of various banks' alleged discriminatory lending practices, including *In re Wells Fargo Mortgage Discrimination Litig.*, No. 3:22-cv-00990-JD (N.D. Ca. 2022) and *Ballard v. Bank of America, N.A., et al*., Case No. 3:23-cv-422-MOC-DCK (W.D. NC, 2023.) She has represented county governments and agencies in complex litigation in Illinois, Maryland and Atlanta alleging that certain banks discriminatorily targeted minority homeowners with high-priced predatory subprime mortgage loans in a discriminatory manner (*see, e.g., County of Cook v. HSBC N. America Holdings, Inc. et al* (N.D. Ill. 2018), resulting in settlement). Ms. Czeisler also regularly represents plaintiffs in complex class action litigations, including, inter alia, nationwide class actions where consumers purchased defective and/or mislabeled and/or falsely advertised products resulting in monetary damages, warranty extensions and curative marketing materials, with settlements totaling over $500,000,000 to date. Ms. Czeisler currently represents university students in breach of contract class actions across the country.

Ms. Czeisler was involved in the multidistrict *Disposable Contacts Antitrust Litigation*, with Alcon Vision LLC f/k/a Alcon Laboratories, Inc. and Johnson & Johnson Vision establishing

settlement funds of $20 million and $55 million respectively, the *Apple iPhone Device Performance Litigation*, resulting in a $500 million settlement to end the multidistrict litigation over software updates that allegedly slowed the iPhone's performance and the *Yahoo! Data Breach* (defendants Yahoo! Inc.and Aabaco Small Business, LLC) resulting in a $50 million settlement fund.

### 3. Proposed Interim Class Counsel Are Uniquely Familiar with the Applicable Law.

As demonstrated above, Proposed Interim Class Counsel are knowledgeable about the applicable law. Proposed Interim Class Counsel have successfully litigated contested class certification in privacy cases at the federal district court level and have obtained significant district court, and federal appellate decisions advancing the law in data privacy. Litigating data breach class actions often entails extensive factual discovery, retention of experts, and background knowledge in the technology and practices involved. Recurring issues of class certification, damages, and injunctive relief require counsel that have already learned these lessons and achieved legal rulings that facilitate prosecution. Proposed Interim Class Counsel's extensive experience regarding the statutes and claims at issue here, along with their substantial track record of success, will allow them to skillfully litigate this case in the best interests of Plaintiffs and the putative class.

### 4. Proposed Interim Class Counsel Will Commit All Necessary Resources to Representing the Class.

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel. Proposed Interim Class Counsel consist of well-established and successful law firms that can and will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they

have demonstrated in previous data breach class actions. The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation and proceed to trial expeditiously.

Each firm understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to prosecuting this action. Proposed Interim Class Counsel have already engaged in discussions with Plaintiffs' counsel and have expended significant resources to investigate the Data Breach, communicate with affected individuals, research, and draft complaints, and work with Defense counsel to coordinate consolidation.

### 5.   Additional Factors Supporting Appointment Under 23(g)(1)(B)

The Court may also consider other matters in making appointments, under Rule 23(g)(1)(B). One such consideration here is that Proposed Interim Class Counsel reached consensus among counsel who have filed cases in this Court to date about the proposed leadership structure. Rather than file competing leadership applications, counsel met and conferred and agreed that it is in the best interest of the plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the Data Breach against Defendants in this action. This private ordering further supports the requested appointments. MANUAL FOR COMPLEX LITIG. (4th ed. 2004) §§ 10.22, 21.272.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks the Court to grant this motion and enter an order: (1) consolidating the Related Actions; (2) appointing Jeff Ostrow of Kopelowitz Ostrow P.A. as Executive Lead Counsel and Tyler J. Bean of Siri & Glimstad LLP; Maureen M. Brady of McShane & Brady, LLC; William B. Federman of Federman & Sherwood; Andrew W. Ferich of Ahdoot & Wolfson, PC; Gary F. Lynch of Lynch Carpenter, LLP; Jean Martin of Morgan & Morgan Complex Litigation Group; and Jennifer S. Czeisler of Sterlington PLLC as members of the Plaintiffs' Executive Committee (collectively, "Proposed Interim Class Counsel"); (3) staying the Related Actions, including any of the Defendants' responsive pleading deadlines, and setting a deadline for the filing of a single Consolidated Class Action Complaint as 30 days after the court's order consolidating the cases and appointing leadership; and (4) setting the deadline for Defendants' response(s) to the Consolidated Class Action Complaint as 60 days thereafter, and if the response(s) are a motion to dismiss, setting a deadline of 30 days thereafter for Plaintiffs' response thereto, followed by 30 days thereafter for Defendants' reply(ies).

In addition, Plaintiff requests leave, pursuant to Local Rule 3.01(f) and the Court's preferences, to submit to the Court his proposed order granting this Unopposed Motion.

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff's counsel have conferred with all plaintiffs' counsel in the Related Actions and counsel for both Defendants, and are authorized to state that all consent to the relief requested in this Motion.

Dated: January 9, 2024

Respectfully submitted,

*/s/ Jeff Ostrow*
Jeff Ostrow
Steven Sukert
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
sukert@kolawyers.com

*Counsel for Plaintiff and the Proposed Class*

### CERTIFICATE OF SERVICE

I certify that on this 9th day of January, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

*/s/ Jeff Ostrow*
Jeff Ostrow